FILED'06 JUN 05 1658USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT CLARK RUTKOWSKI,                                    CV. 06-292-KI

        Petitioner,                                          ORDER

  v.

ERIC SUING, Chief United
States Probation Officer for
the District of Oregon,

        Respondent.

KING, Judge

    Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Petitioner alleges that his parole officer recommended the revocation of his parole due to her "rabid hatred of males". Petitioner seeks a declaratory judgment that his rights were violated by the U.S. Parole Commission and an order requiring the Commission to discharge petitioner from any further parole obligation.

    Respondent moves to dismiss on the basis that (1) the U.S. Parole Commission is the only proper respondent; (2) petitioner

1 -- ORDER

failed to exhaust his administrative remedies; and (3) the petition is an abuse of the writ.

## DISCUSSION

I.  **Proper Respondent.**

On March 17, 2005, petitioner's parole was revoked and petitioner was sentenced to a twenty-month term of incarceration. (Petition at 6.)  On February 21, 2006, petitioner was released to a community corrections center.  See 18 U.S.C. § 3624(c).  It is unclear from the current record whether petitioner has been released on parole.  (See Respondent's Motion to Dismiss at 11 (indicating that petitioner's parole release date was scheduled for April 20, 2006).  Petitioner's full-term release date is August 21, 2014.  Respondent moves to dismiss the petition on the basis that petitioner has failed to name the proper respondent.

Pursuant to 28 U.S.C. § 2242, the proper respondent in a habeas corpus proceeding is the person who has custody over the petitioner.  Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004).  This custodian is the person with the ability to produce the prisoner's body before the federal habeas court.  Id. at 435.  "[A] habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody'".  Id. at 438.

2 -- ORDER

In the instant proceeding, the record indicates that at the time the petition was filed, petitioner was in the custody of the Bureau of Prisons and confined in a community corrections center. I agree with respondent that under these circumstances, Eric Suing, the Chief Probation Officer for the District of Oregon, is not petitioner's custodian and, therefore, is not the proper respondent under § 2242. See <u>Rumsfeld</u>, 542 U.S. at 435; <u>see also</u> <u>Fletcher v. Reilly</u>, 433 F.3d 867, 875 (D.C.Cir. 2006) (Chairman of the U.S. Parole Commission had legal authority to effectuate prisoner's release and, therefore, was proper respondent). Accordingly, respondent's motion to dismiss for lack of jurisdiction is granted.

II. **<u>Failure to Exhaust Administrative Remedies</u>**.

Alternatively, I agree with respondent that this action should be dismissed for failure to exhaust administrative remedies. It is well settled that federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for writ of habeas corpus. <u>Martinez v. Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986). In the instant proceeding, petitioner has made no showing that he raised his sex discrimination claim to the Parole Commission or to the Parole Commission's National Appeals Board. Moreover, petitioner has made no showing of cause to excuse this lack of exhaustion.

///

///

## CONCLUSION

Based on the foregoing, respondent's motion to dismiss (#11) is GRANTED, and petitioner's habeas corpus petition (#1) is DENIED, without prejudice, for lack of jurisdiction and for failure to exhaust administrative remedies.

IT IS FURTHER ORDERED that petitioner's motions to supplement claims and for emergency relief (#5), for appointment of counsel (#7), for leave to join parties, claims and remedies (#9), and for leave to join claims and remedies (#14) are DENIED.

IT IS SO ORDERED.

DATED this 5th day of June, 2006.

/s/ Garr M. King
Garr M. King
United States District Judge

4 -- ORDER